IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | |
|---|---|
| WAYNE A. HUSSAR II, | Cause No. CV 12-50-H-DLC-RKS |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MARTIN FRINK, | |
| Respondent. | |

_____

On May 31, 2012, Petitioner Wayne Hussar moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Hussar is a state prisoner proceeding pro se.

Mr. Hussar failed to complete the correct in forma pauperis form and failed to submit a copy of his inmate trust account as requested by the Clerk of Court. On July 16, 2012, he was ordered to pay the $5.00 filing fee. He failed to comply, responding on July 23, 2012, by submitting a portion of his inmate trust account statement that shows a personal balance of $0.00.

Consequently, in this action, there are two bases for dismissal of the petition.

First, Mr. Hussar failed to follow a direct order from the Court. Dismissal is the usual remedy for a litigant's failure to comply with rules and orders. Fed. R. Civ. P. 41(b). Courts are busy enough with litigation brought by people who follow the rules. No exception need be made for Mr. Hussar.

Second, the petition lacks merit. The Montana Board of Pardons and Parole ("the Board") granted Mr. Hussar parole in August 2011, based on a parole plan for release to and supervision in Helena. On January 30, 2012, the Board rescinded his parole based on misconduct.

On February 22, 2012, Mr. Hussar filed a petition for writ of habeas corpus in the Montana Supreme Court. He alleged that his parole was rescinded in retaliation for his pursuit of a lawsuit against Department of Corrections officials and employees, challenging the revocation of his probation that led to his current custody. He contended that when the Board's Director, Fran Osler, learned of this lawsuit, she filed a disciplinary charge of "in custody misconduct" against him, and that charge, in turn, resulted in rescission of his parole. State Pet. at 2-3, *Hussar v. Frink*, No. OP 12-0123 (Mont. Feb. 22, 2012), *available at* http://supremecourtdocket.mt.gov (accessed July 27, 2012).

The Montana Supreme Court ordered the State to respond. It did so, attaching an affidavit from Ms. Osler. She explained that the officers who investigated Mr.

Hussar's Helena parole plan "ran into many problems and roadblocks." She added, "[a]lso, during the investigation, Mr. Hussar threatened Helena probation and parole officers with litigation until they were unsure whether they could supervise him." Osler Aff. at 2 ¶ 5, *Hussar*, No. OP 12-0123 (Mont. Apr. 16, 2012). She also stated that "[t]he Board had other reasons to rescind his parole besides Mr. Hussar's threatened litigation, but realizes that it appears [the Board] may have revoked [Mr. Hussar's] parole because of the threatened litigation." *Id.* ¶ 6. She concluded that the Board had scheduled another rescission hearing "at which it will not consider threatened or pending litigation." *Id.* ¶ 7.

On May 22, 2012, the Montana Supreme Court denied Mr. Hussar's petition, noting that Mr. Hussar's parole had again been rescinded after the re-hearing, but evidence of his threatened or pending litigation was not considered. Order at 2, *Hussar*, No. OP 12-0123 (Mont. May 22, 2012).

In his federal petition (wrongly denominated an "appeal" of the Montana Supreme Court's decision), Mr. Hussar seems to allege that the revocation that placed him in prison was illegal[1] and the Board rescinded his parole based on false charges of misconduct. He concludes that he should be immediately released. He states he

---

[1] Mr. Hussar filed a habeas petition challenging the revocation that resulted in his current custody. *See Hussar v. Mahoney*, No. CV 11-7-H-DWM-RKS (D. Mont. judgment entered Apr. 18, 2011). He did not obtain relief and did not appeal.

will drop one or more lawsuits against a parole officer and Ms. Osler in exchange for release and offers to take a bus to Helena as there is no further need for him to appear before the Board. Pet. (doc. 1) at 2-4. He attached to his petition a document showing that, on January 6, 2012, he filed an appeal against a major-class disciplinary violation that resulted in his placement in segregation for thirty days. *See* Pet. Ex. 003 (doc. 1-1 at 4).

In a Supplement filed on July 16, 2012, Mr. Hussar states that three [sic] major-class disciplinary violations were dismissed on March 6, 2012, so that he has a clear record since January 4, 2012. Supp. (doc. 4) at 1.

Parole, once granted, may be rescinded without due process. *Jago v. Van Curen*, 454 U.S. 14, 21 (1981) (per curiam). In Montana, an inmate "may"[2] be released on parole if "in the [B]oard's opinion there is reasonable probability that a prisoner can be released without detriment to the prisoner or to the community" and only if "the [B]oard believes that the prisoner is able and willing to fulfill the obligations of a law-abiding citizen." Mont. Code Ann. § 46-23-201(1), (5) (1991). Therefore, the Board may require any evidence it feels it needs. Although the Board's own regulation identifies conditions that will trigger a rescission hearing, Mont.

---

[2] *Compare Board of Pardons v. Allen*, 482 U.S. 369, 377-78 (1987) (discussing use of "shall" in Mont. Code Ann. § 46-23-201(1) (1985)), *with* 1989 Mont. Laws ch. 188, § 2; Mont. Code Ann. § 46-23-201(1) (1991) (stating that Board "may" release inmates on parole).

Admin. R. 20.25.601(1), the ultimate decision whether to rescind is left entirely in the Board's discretion, and it may consider "all relevant evidence," *id.* -.601(2). State law simply contains no language mandating release. Mr. Hussar had no liberty interest in parole and no entitlement to due process as a precondition to its rescission.

On a *de novo* standard of review, Mr. Hussar's petition and supporting exhibits demonstrate that he is not "in custody in violation of the Constitution, laws, or treaties of the United States." 28 U.S.C. § 2254(a). A certificate of appealability should be denied because no reasonable jurist could find that Mr. Hussar makes a substantial showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c). The case is squarely controlled by *Jago v. Van Curen*, 454 U.S. 14 (1981) (per curiam), and Mont. Code Ann. § 46-23-201(1) (1989). There is no reason to encourage further proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. Hussar's motion to proceed in forma pauperis (doc. 2) should be DENIED for failure to comply with the Order to pay the filing fee.

2. Hussar's petition (doc. 1) should be DENIED.

3. A certificate of appealability should be DENIED.

4.  The Clerk of Court should be directed, by separate document, to enter a judgment in favor of Respondent and against Petitioner.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Hussar may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Mr. Hussar files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mr. Hussar from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Hussar must immediately inform the Court of any change in his mailing address</u> by filing a "Notice of Change of Address" under this case number. Failure

to do so may result in dismissal of this action without notice to him.

DATED this 30th day of July, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge