
FILED
NOV 28 2012
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| WAYNE A. HUSSAR, | ) | CV 12-50-H-DLC |
| | ) | CV 12-83-H-DLC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WARDEN MARTIN FRINK, | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Wayne Hussar filed a petition for writ of habeas corpus alleging the Montana Board of Pardons and Parole violated his constitutional rights by rescinding his parole based on false charges of misconduct. (Doc. 1.) Hussar moved to proceed in forma pauperis, but failed to follow a Court order requiring him to pay the $5.00 filing fee (doc. 5). United States Magistrate Judge Keith Strong issued Findings and Recommendations on July 30, 2012, finding that Hussar's petition should be denied for failure to follow a Court order and because

1

it lacks merit. (Doc. 7.) Hussar timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). Hussar filed another petition for writ of habeas corpus alleging essentially the same facts, so the petition was construed as a motion to amend this petition and the cases were consolidated. (Doc. 11.)

The majority of Hussar's objections reiterate the allegations made in his petitions. The statements that actually object to Judge Strong's findings are conclusory statements unsupported by law. Hussar objects to the finding that he violated a court order to pay his filing fee by asserting that he sent his account statement to Ed Smith, who failed to do his job and mailed the account statement back to Hussar. It will be assumed the Ed Smith to whom Hussar refers is the Clerk of the Montana Supreme Court. Hussar was clearly instructed to mail his filing fee to federal court, and instead he mailed his prison account statement to both federal and state courts. (Doc. 6.) The fact that Ed Smith returned Hussar's account statement has no bearing on his petition in federal court, and does not change the fact that he failed to pay his filing fee in violation of a Court order. Judge Strong's finding that Hussar violated a Court order by failing to pay his filing fee is correct and will be affirmed.

Hussar next objects that he never alleged that his parole was rescinded in

2

retaliation for his lawsuit against the Helena Probation and Parole Officers. In fact, Hussar's petition does exactly that. He alleges Helena Probation and Parole Officer Annette Carter illegally retaliated against him after he sent her his lawsuit, leading to revocation of his parole. (Doc. 1 at 2.) This objection is frivolous.

The remaining objections repeat Hussar's allegations that the Probation Officers' false statements caused his illegal parole revocation. Hussar received two rescission hearings based on his allegations. Judge Strong correctly pointed out that he is not entitled to due process in a parole rescission hearing. (Doc. 7 at 4, citing *Jago v. Van Curen*, 454 U.S. 14, 21 (1981) (per curiam)). Hussar's bald denials of the facts outlined in the Findings and Recommendations are not objections which the Court can recognize or review. Hussar's two petitions will be dismissed for failure to submit the filing fee as ordered, and because his allegations lack merit under the law. There being no clear error in Judge Strong's remaining findings and recommendations,

IT IS HEREBY ORDERED:

1. Judge Strong's Findings and Recommendations (doc. 7) are ADOPTED in full.

2. Hussar's Petition in CV 12-50-H-DLC (doc. 1) is DISMISSED.

3. Hussar's Petition in CV 12-83-H-DLC (doc. 1) is DISMISSED.

4. The Clerk of Court is directed to close both matters and enter judgment pursuant to Rule 58 of the Federal Rules of Procedure.

5. The docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(4)(B) that any appeal of this decision would not be taken in good faith.

Dated this 28th day of November, 2012.

*[signature]*

Dana L. Christensen, District Judge
United States District Court